# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DEVON BIAS,

        Petitioner,      :      Case No. 2:23-cv-02313

  - vs -                        District Judge Sarah D. Morrison
                                 Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,

                            :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 29) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (ECF No. 26). District Judge Morrison has recommitted the case to the undersigned for consideration of the Objections (Order, ECF No. 30).

The original Report dealt separately with Respondent's procedural default defense and then the merits of the pleaded Grounds for Relief. This resulted in a fifty-four page Report involving review of a sixty-one page opinion of the Ohio Tenth District Court of Appeals, *State v. Bias*, 2022-Ohio-4643 (Dec. 22, 2022). Because of the complexity of the argument, the Magistrate Judge believes the Court's decision will be facilitated by keeping all arguments as to each Ground for Relief together.

1

**Grounds One: Violation of the Confrontation Clause**

In his First Ground for Relief, Bias claims that his rights under the Confrontation Clause "and/or Fed. R. Evid. 804" were violated when the prosecutor did not make a sufficient good faith effort to obtain the live testimony of witness Jaw.L.

The Report noted that state criminal defendants have no rights under Fed. R. Evid. 804 because that rule does not apply in state criminal proceedings (Report, ECF No. 26, PageID 1914). Bias makes no objection to this conclusion.

Nor could this Court review the correctness of the Tenth District's application of Ohio R. Evid. 804, because that is a question of state law. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

On the federal constitutional question of the Confrontation Clause, while this Court can review the Tenth District's decision, it is bound by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") to defer to objectively reasonable applications of Supreme Court precedent and determinations of fact which are not unreasonable in light of the evidence presented in the state court proceeding. *Matthews v. Ishee*, 486 F.3d 883, 889

2

(6th Cir. 2007).

The state courts found that Jaw.L's unavailability to testify was caused by Petitioner's efforts to have him kidnapped and held so that he could not testify. Thus Bias forfeited his Confrontation Clause challenge to Jaw.L's recorded interview by causing his unavailability. See *Giles v. California*, 554 U.S. 353 (2008). Bias objects that Jaw.L had declined to testify before seeing the kidnap letter. But a witness's refusal to testify is not final until the trial occurs; otherwise efforts to obtain testimony such as contempt proceedings would not be required once a witness had first expressed a disinclination to testify. Bias's arguments about the failures of the prosecutor to attempt to obtain Jaw.L's live testimony by contempt proceedings are undercut by the finding, certainly reasonable in light of the facts presented, that Bias did his best to keep Jaw.L from testifying.

Because the state courts reasonably found that Bias's effort to prevent Jaw.L from testifying were successful, he forfeited his Sixth Amendment right of Confrontation as to Jaw.L. The First Ground for Relief should be dismissed.

**Ground Two:  Violation of the Confrontation Clause**

In his Second Ground for Relief, Bias challenges the attribution to him of the letter instructing a woman friend how to arrange Jaw.L's kidnapping to keep him from testifying. The Report recommended rejecting this argument because there was sufficient proof that Bias in fact authored the letter. Circumstantially, he had a motive to prevent the testimony, means to write the letter, and an opportunity to do so. More importantly, Judge Holbrook was able to compare the handwriting in the kidnap letter with a known sample of Bias's handwriting in a *pro se* motion he

3

filed with the Common Pleas Court.

Bias objects that Jaw.L declined to testify before he saw the kidnap letter. This objection is dealt with above. The fact that a witness declines to agree to testify at one point in time does not mean that he cannot be convinced to the contrary. If that were so, Bias's arguments about threatening Jaw.L with contempt would have no weight. As long as the trial has not yet happened, a witness has a chance to change his mind. And as long as the trial has not yet happened, a defendant who does not want a witness to testify continues to have a motive to prevent that testimony. A letter instructing a friend how to carry out the witness's kidnapping certainly is consistent with that motive. If the witness learns of the letter, as Jaw.L did, that may change his mind about testifying. Judge Holbrook found that was the threat that ended up being decisive and the evidence supports that conclusion.

The Second Ground for Relief should be dismissed on the merits.

**Ground Three: Violation of the Confrontation Clause**

As the Objections correctly point out, the original Report does not analyze Ground Three, but jumps to analysis of Ground Four, labeling it as Ground Three (See ECF No. 26, compare PageID 1896 and 1931).

In his Third Ground for Relief, Bias claims his Confrontation Clause rights were violated when Jaw.L's pre-trial identification evidence was admitted, despite his unavailability for cross-examination, even if Bias caused that unavailability. Bias's argument is that Fed. R. Evid. 801(D)(1)(c) does not contain forfeiture by wrongdoing language such as appears in Fed. R. Evid. 804(b)(6).

4

This argument is completely immaterial because the Federal Rules of Evidence do not govern state court criminal trials. Ground Three should be dismissed for failure to state a claim under the United States Constitution.

**Ground Four: Due Process Violation: Suggestive Pretrial Identification Procedure[1]**

In his Fourth Ground for Relief, Bias essentially claims the administrator of the photo identification session suggested that the witness identify Bias's photograph. The Tenth District Court of Appeals rejected this claim by finding (1) that the administrator did not know the identity of the suspect, i.e. that he was a "blind" administrator as required by Ohio Revised Code § 2933.83 and (2) the language the administrator used did not suggest that the witness choose Bias's photograph.

Bias objects that he "has presented evidence from the record that proves that the administrator that the Tenth District deemed to be "blind" was not actually "blind" at all." (Objections, ECF No. 29, PageID 1953). However, he does not say where he presented that evidence[2]. No such evidence is referenced in the long section of his Reply discussing Ground Four (ECF No. 25, PageID 1841-50). The Magistrate Judge has seen no evidence, much less clear and convincing evidence, to overcome the Tenth District's finding the administrator was "blind."

Nor does the Magistrate Judge find any basis to disagree with the Tenth District's conclusion that the administrator did not lead Jaw.L to pick Bias's picture. The words he used are

---

[1] As noted above, the original Report's analysis of this claim appears under the incorrect label "Ground Three." The substance of the analysis given is of the claim made in Ground Four. The Magistrate Judge apologizes for the poor proofreading.

[2] The Order for Answer in this case requires that when references are made to the record the referring party needs to include a citation to the record: "All papers filed in the case thereafter by either party shall include record references to the PageID number." (Order, ECF No. 2, PageID 26).

5

not leading. Jaw.L had picked four possibles out of the sample with which he was presented. The administrator was merely confirming the numbers assigned to the photographs he had picked.

Petitioner's Fourth Ground for Relief is without merit and should be dismissed.

**Ground Five: Judicial Bias**

In his Fifth Ground for Relief, Bias asserts he was deprived of his right to trial before an impartial judge by Judge Holbrook's participation in an Ohio Crim. R. 16(F) certification hearing and/or by his initiation of his own investigation into Bias's alleged culpability for the unavailability of a state's witness. He further asserts these errors rise to the level of structural error, meaning they cannot be defended as harmless errors.

The original Report found that these claims were procedurally defaulted under Ohio law, relying on the Tenth District's rejection of Petitioner's Third Assignment of Error on direct appeal (Report, ECF No. 26, PageID 1903-10, quoting verbatim the Tenth District's decision of the Third Assignment of Error).

Petitioner objects that he has shown actual innocence and that will excuse his default (Objections, ECF No. 29, PageID 1951). A showing of actual innocence that satisfies the standards of *Schlup v. Delo*, 513 U.S. 298 (1995), will indeed excuse a procedural default. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). But Bias has made no such showing; he has presented to this Court no new evidence of the sort required by *Schlup*: "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005).

Bias points to the two alibi Affidavits attached to his Motion for Bond (ECF No. 9). The

6

Court denied that Motion pending filing of the record by Respondent (ECF No. 10) and Bias never thereafter renewed the Motion. The first of those two Affidavits is illegible. The second by Marla Smith avers that she, Bias, Khadija Daniel and Rosiniglee Lox (or Fox) were "chilling" at Khadija's house the night of December 3 into the next day. No detail of any kind is given. The Affidavit is of course uncrossexamined hearsay. No explanation is given as to why Ms. Smith could not have testified at trial, subject to cross-examination. Standing alone, it is not evidence of the quality required by *Schlup*. Bias had not proven his actual innocence.

The Report relies on *Edwards v. Carpenter*, 529 U.S. 446 (2000), for the proposition that a claim of ineffective assistance of counsel will not excuse a procedural default if the ineffective assistance claim is itself defaulted. Bias objects that this is "a blatant misuse of the authority" because, he claims, his own ineffective assistance claim is not procedurally defaulted (Objections, ECF No. 29, PageID 1951). The Magistrate Judge disagrees. His claim that it was ineffective assistance of trial counsel to fail to object to Judge Holbrook's performing the certification and trial functions was available to be litigated on the face of the appellate record, but was not raised on direct appeal. Therefore any later claim of ineffective assistance of trial counsel would be barred by *res judicata*. *State v. Perry,* 10 Ohio St. 2d 175 (1967). He has not shown that this ineffective assistance of trial counsel claim is not procedurally defaulted and thus he cannot rely on its to excuse the failure to object to Judge Holbrook's presiding over both the certification hearing and the trial.

As to the second part of Ground Five – Judge Holbrook's asserted investigation of the case *ex parte* – Bias objects that his attorney did raise an objection:

> Petitioner would like to first note that the defense attorney did indeed object to the trial judges "consideration of extrinsic evidence" (04/21/21 tr.75) and under Jud.Con.R. 2.9(c) this is

7

> restricted, that would show bias and preserve petitioners right for his fifth Ground for relief to be heard in a Habeas Corpus proceeding.

(Objections, ECF No. 29, PageID 1951). But the Tenth District plainly held that the "extrinsic evidence" objection did not preserve a judicial bias objection:

> [A]ppellant did not object on the grounds he now raises on appeal, i.e., that the trial court's handwriting comparison demonstrated judicial bias. "'Objection on one ground does not preserve another, unmentioned grounds.'" *State v. Hairston*, 10th Dist., 2016-Ohio-8495, 79 N.E.3d 1193, ¶ 34, quoting *State v. Wallace*, 10th Dist. No. 08AP-2, 2008-Ohio-5260, 2008 WL 4518016, ¶ 25. As noted above, failure to object results in forfeiture, even when the error would otherwise be structural. *McAlpin* at ¶ 66. Thus, appellant's judicial-bias argument is subject to plain error review.

*State v. Bias, supra,* at ¶ 116. As noted in the original Report, plain error review by a state appellate court is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

Thus the two claims of judicial bias made in Ground Five are procedurally defaulted because they were not fairly presented to the Ohio courts and should be dismissed on that basis.

These two claims of judicial bias are likewise without merit. In discussing the merits, the Tenth District found

> The trial court's decision to compare the letter with the motion does not evince any "hostile feeling or spirit of ill will" against appellant. *Skerkavich*, 8th Dist. No. 105455, 2019-Ohio-4973, 149 N.E.3d 1120, at ¶ 24. Just the opposite, the trial court indicated its intention was to benefit appellant by making the comparison. Indeed, the trial court explained that the letter, "on its face without the comparison" indicated that appellant was the author. (Apr. 21, 2021 Hearing Tr. at 76.) The trial court averred that it compared the handwriting in the documents "in an interest of protecting [appellant]" and to find "an out" for appellant. *Id.*

8

> {¶ 118} Further, under the circumstances presented here, we cannot conclude that the trial court's investigation was improper. The trial court did not venture outside its own docket in making the comparison. "[A] trial court is not required to suffer from institutional amnesia. It is axiomatic that a trial court may take judicial notice of its own docket." *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580, 635 N.E.2d 14 (1994). Appellant filed the motion [to dismiss] expecting the trial court to review it.

*State v. Bias, supra,* at ¶¶ 117-18.

Petitioner objects that under *State v. Gillard*, 40 Ohio St.3d 226 (1988), an Ohio trial judge who presides over a certification proceeding on withholding discovery from a defendant is not to be the judge presiding at trial.  Bias argues that it must be inferred from Judge Holbrook's failure to recuse himself that he was biased against Bias. The Tenth District found the error was not structural and Bias had proved no harm.  It also held he had not objected or filed a motion for Judge Holbrook to recuse himself.  Bias has offered no evidence or authority to overcome those conclusions.

Bias also relies on Ohio Code of Judicial Conduct 2.9(c) which provides "A judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed."  The Canon in question is inapplicable because, as the Tenth District found, Judge Holbrook did not go outside the record in the case for a sample of Bias's handwriting to compare with the kidnap letter.  Instead, he examined Bias's own *pro se* handwritten motion to dismiss.  Additionally, the motion to dismiss comes within the judicial notice exception in the Canon.  *ZMC Pharmacy, LLC v. State Farm Mutual Automobile Insurance Company,* 307 F.Supp.3d 661 (E.D. Mich. Mar. 29, 2018).

Ground Five should be dismissed as procedurally defaulted and also without merit.

9

**Ground Six: Violation of Right to Trial by Jury**

In his Sixth Ground for Relief, Petitioner asserts he was deprived of his right to trial by jury because the same judge presided over the certification proceedings and the trial. His theory is that if he had known that the trial judge could have been disqualified on the basis of presiding over both hearings, he would not have affirmed his waiver of jury trial.

The original Report found this claim was barred by lack of any objection. Bias had argued that denial of a right to jury trial was a structural error, but the Tenth District rejected that claim on the basis that the courts have not found denial of a jury when defendant has waived a jury to be any error at all, much less structural. Bias also argued it was plain error. As pointed out above with respect to Ground Five, state appellate review for plain error is enforcement, not waiver, of a procedural default.

In his Objections, Bias makes no objection specific to Ground Six. Instead, he repeats his actual innocence argument based on the alibi affidavits, rejected above. He also repeats his argument that under *Gillard* the judge had a duty to recuse himself *sua sponte*. But failure to obey *Gillard* is not a structural error and Bias's counsel made no objection.

Bias's position ignores the law that an attorney acts as the client's agent. Bias's attorney obviously knew that the same judge was presiding over both proceedings and made no objection. Bias has never made nor litigated any claim that his attorney provided ineffective assistance by not objecting. The record shows the attorney strongly advised against the jury waiver, but Bias insisted on it.

Ground Six is both procedurally defaulted and without merit. It should be dismissed with prejudice.

10

**Ground Seven: Insufficient Evidence to Support Conviction on Gang-Related Specification**

In his Seventh Ground for Relief, Bias asserts there was insufficient evidence presented at trial to support conviction of the specification that the underlying crime was gang-related. Essentially his argument was that the Ohio gang-related specification had to be construed to require proof that the underlying crime was gang-related. The Tenth District rejected that argument and the original Report concluded this Court was bound by that interpretation of Ohio law (Report, ECF No. 26, PageID 1935).

In his Objections, Bias essentially asserts his narrow construction of the gang-related statute must be adopted because the broader construction adopted by the Tenth District is unconstitutional. In support he cites *Gomez v. United States*, 490 U.S. 858,864 (1989); *State v. Tanner,* 15 Ohio St. 3d 1 (1984); and *Scales v. United States*, 367 U.S. 203 (1961) (Objections, ECF No. 29, PageID 1953-54).

The fallacy involved in this argument is confusing **holdings** of Supreme Court cases with **dictum**. In *Gomez* the Supreme Court was required to interpret the "additional duties" clause of the Magistrates Act, codified at 28 U.S.C. § 636(b)(3), which provides "A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." In *Gomez* a magistrate[3] had been assigned, over the objection of the defendant, to preside at jury selection in a criminal case. The Supreme Court decided the interpretation of the "additional duties" clause to allow a Magistrate Judge to preside over felony criminal jury selection without a defendant's consent would violate Article III of the Constitution. To avoid raising that

---

[3] The *Gomez* opinion uses the title "magistrate." Between the time the case was tried and when it reached the Supreme Court, the title had been changed by Congress to "Magistrate Judge." § 321 of Pub. L. 101-650

constitutional issue, the Court interpreted the "additional duties" clause narrowly.  In reaching that conclusion it stated:

> It is our settled policy to avoid an interpretation of a federal statute that engenders constitutional issues if a reasonable alternative interpretation poses no constitutional question. See, *e.g.,* Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 841, 106 S.Ct. 3245, 3251–3252, 92 L.Ed.2d 675 (1986); United States v. Rumely, 345 U.S. 41, 45, 73 S.Ct. 543, 545, 97 L.Ed. 770 (1953); Crowell v. Benson, 285 U.S. 22, 62, 52 S.Ct. 285, 296, 285 (1932).

490 U.S. at 864.  The holding of *Gomez* is thus that Magistrate Judges cannot preside over felony criminal jury voir dire without the consent of the parties. In reaching that holding, the Court stated its own "settled policy" of construing federal statues narrowly to avoid constitutional questions.  It did not hold that all courts must follow the same policy.

Bias purports to quote *Tanner* as holding "it is a settled principle of statutory construction that courts will interpret penal legislation in conformity with the federal and state constitutions if at all possible."  (Objections, ECF No. 29, PageID 1953).  No such language appears in *Tanner*.  In that case the Ohio Supreme Court upheld the constitutionality of Ohio's DUI statute against charges it was vague and unconstitutionally broad.

Bias also relies on *Scales v. United States,* 367 U.S. 203 (1961).  The original Report rejected this reliance on *Scales*, holding

> *Scales* does not support Petitioner's position. The holding instead is that the State may punish knowing membership in an organization who aims and purposes are illegal. The State certainly offered sufficient evidence to prove Bias was at the time a member of the Deuce Deuce Bloods and that that organization was a criminal gang.

(ECF No. 26, PageID 1935.)  Bias does not object or even react to this reading of *Scales*.  Instead, he reads *Scales* as holding substantive Due Process requires a "substantial" relationship between an individual's membership in an organization and "concededly criminal conduct" before he may

12

be punished for the association component of his conduct. In *Scales* the Supreme Court **upheld** a conviction for being a member of the Communist Party of the United States upon finding the Communist Party advocated the violent overthrow of the government of the United States and Scales knew this when he was a member of the party. It did not hold the government had to prove some concrete act of Scales was aimed at violent overthrow.

Bias also objects to the Report's finding that the State proved he was a member of the Deuce Deuce Bloods because, he says, it only proved he was associated with one other member of that gang, his co-defendant Vinson (Objections, ECF No. 29, PageID 1954). Bias did not raise this argument in the Tenth District which found:

> {¶ 50} Appellant does not dispute that the prosecution established through testimony that the Deuce Bloods meet the definition of "criminal gang" under R.C. 2923.41(A) or that he is a documented member of that criminal gang. Instead, appellant maintains that the prosecution failed to prove that the shootings were "gang related."

*State v. Bias, supra*. Thus any argument by Bias that the Deuce Deuce Bloods are not a criminal gang or that he was not a member is procedurally defaulted.

Ground Seven should therefore be dismissed with prejudice.

**Ground Eight: Insufficient Evidence of Identity**

In his Eighth Ground for Relief, Bias asserts Jaw.L's identification of him as the shooter was too indefinite to count as proof of identity beyond a reasonable doubt. The Report noted that the Tenth District had reviewed this claim under the appropriate federal standard from *Jackson v. Virginia*, 443 U.S. 307 (1979), and that decision was entitled to deference under AEDPA.

Relying on dictum from another case taken out of context, Bias argues that the fact his

13

DNA was recovered from a hat left at the scene "doesn't prove much of anything." Bias does not dispute the finding that it was his DNA and that it was found on a hat left at the scene of the crime. The weight to be given to evidence is for the trier of fact. Bias does not dispute the note made in the Report that "the likelihood the DNA on the recovered hat came from someone other than Petitioner is one divided by far more people than those who lived on Earth at the time of the crime."

Ground Eight should be dismissed.

**Ground Nine: Cumulative Evidentiary Errors Denied Due Process**

In his Ninth Ground for Relief, Petitioner asserts cumulative errors in the admission of evidence deprived him of due process. The Report found the portions of this claim related to proof of Jaw.L's unavailability were procedurally defaulted and the balance of the Ninth Ground did not state a claim for relief.

Bias makes no objections as to the dismissal of Ground Nine.

**Ground Ten: Denial of Speedy Trial**

The Report found Ground Ten was barred by procedural default. Bias makes no objection to the analysis of Ground Ten except as part of his general objection to the procedural default analysis.

**Ground Eleven:  Ineffective Assistance of Trial Counsel**

The Report recommended dismissing Ground Eleven because the Tenth District had rejected the claim for lack of prejudice, the second prong of *Strickland v. Washington,* 466 U.S. 668 (1984).

Bias objects that trial counsels' failure to object to Judge Holbrook's hearing both the certification question and the trial resulted in a biased judge deciding his case.  But he has not rebutted the Tenth District's finding that he made no showing of actual bias.  Ground Eleven should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 8, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
