UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEVON BIAS,

          Petitioner,      :      Case No. 2:23-cv-02313

- vs -                              Judge Sarah D. Morrison
                                       Magistrate Judge Michael R. Merz
WARDEN, Lebanon Correctional
  Institution,

                                   :
          Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF Nos. 29 and 32) to, respectively, the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (ECF No. 26) and to the Magistrate Judge's Supplemental Report and Recommendations reaching the same conclusion (ECF No. 31). Respondent has replied to Petitioner's Objections to the Supplemental Report (ECF No. 33).

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* the Reports with particular attention to those portions objected to by Petitioner. Having done so, the Court finds the objections are without merit and they are **OVERRULED** for the reasons set forth below:

**Ground One: Violation of the Confrontation Clause**

In his First Ground for Relief, Petitioner claims that his rights under the Confrontation Clause "and/or Fed. R. Evid. 804" were violated when the prosecutor

1

failed to make a sufficient good faith effort to obtain the live testimony of witness Jaw.L. The original Report noted that Fed. R. Evid. 804 does not apply to state trials and this Court could not review the Ohio Tenth District's application of the parallel Ohio R. Evid. 804 because that is purely a question of state law.

Petitioner objects to this latter finding, claiming that 28 U.S.C. § 2254(e)(2) allows federal courts to intervene on questions of state law "if the state courts factual determinations were incorrect or resulted in a decision that was based on an unreasonable determination of the facts." (ECF No. 32, PageID 1978). Not so. § 2254(e)(2) deals with when a federal habeas court may hold an evidentiary hearing. The more relevant provision of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") is § 2254(d)(2) which permits granting the writ of habeas corpus when the state courts have decided the merits of a habeas claim but their decision "is based on an unreasonable determination of the facts."  No provision of the AEDPA authorizes a habeas court to review the application of a rule of state evidence law by a state court.

Petitioner's second objection as to Ground One is that the Magistrate Judge concluded the Ohio courts' finding that Petitioner caused Jaw.L's unavailability was a reasonable conclusion on the basis of the facts presented. The original Report repeats at length the Tenth District's basis for that finding (ECF No. 26, PageID 1915, et seq.). Having reviewed that finding in context, the Court finds the conclusion that Petitioner caused Jaw.L's unavailability and thus satisfied the Confrontation Clause exception recognized in *Giles v. California,* 554 U.S. 353 (2008), is a

completely reasonable conclusion from the evidence offered.

**Ground Two: Violation of the Confrontation Clause**

In his Second Ground for Relief Petitioner again complains of the state court determination that he caused Jaw.L's unavailability, this time based on the fact that the trial judge found Bias was the author of the kidnap[1] letter by comparing the handwriting in that letter with a sample of Petitioner's handwriting in the form of a *pro se* motion. The Magistrate Judge recommended dismissal of the Second Ground on the merits.

Petitioner objects that the trial judge was prohibited from making that finding by "Supreme Court precedent in *Crater v. Galaza,* 491 F.3d 1119 (9th Cir. 2007)." (ECF No. 32, PageID 1979-80). *Crater* is, of course, not Supreme Court precedent, but it is also inapposite. The Ninth Circuit in that case declined to find a judge biased who had urged a defendant at a pretrial conference to accept a plea bargain.

Judge Holbrook in this case did not act as part of the accusatory process. Rather he appropriately acted as part of the adjudicatory process by finding Petitioner's handwriting in a *pro se* motion matched the handwriting in the kidnap latter. A judge does not become a biased participant when he reaches a conclusion adverse to a party's position.

**Ground Three: Violation of the Confrontation Clause**

Petitioner makes no substantive objections to the recommended dismissal of

---

[1] A letter instructing a female friend of Petitioner's how to arrange Jaw.L's kidnapping.

3

this Ground for Relief.

**Ground Four: Due Process Violation: Suggestive Pretrial Identification Procedure**

In his Fourth Ground for Relief, Petitioner asserts that Jaw.L's pretrial identification from a photo array was unduly suggestive. The state courts found as a matter of fact that this was not so, noting the police had used a blind administrator for the photo array as required by Ohio law and finding the administrator did not suggest picking Petitioner's photograph. The Magistrate Judge found these factual conclusions were entitled to deference. Petitioner disagrees with the state court findings, but points to no evidence which would deprive those findings of their presumption of correctness. For example, he fastens on the administrator's having told the witness that he knew "very little" about the case, but posits that "very little" could include knowing who the suspect was. A habeas petitioner cannot defeat required deference to state court findings by hypothesizing facts not in evidence. There is no **evidence** the administrator was not blind to the suspect's identity, as the Ohio courts found.

**Ground Five: Judicial Bias**

In his Fifth Ground for Relief, Petitioner asserts he is entitled to relief because the trial judge was disqualified by bias from trying the case after he sat as the finder of fact in the certification hearing[2]. The Magistrate Judge found this claim was procedurally defaulted by failure to present it on direct appeal. Petitioner claims

---

[2] A pretrial hearing to determine whether a defendant has caused the unavailability of a witness.

relief from the default by actual innocence as recognized in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

The Magistrate Judge rejected Petitioner's actual innocence claim on the ground that his evidence of alibi did not satisfy the standards of *McQuiggin*. In his Objections, Petitioner argues the strength of that evidence, but the Court agrees with the Magistrate Judge that it is very weak and not sufficient to establish actual innocence to the standard required by *Schlup v. Delo,* 513 U.S. 298 (1995).

Petitioner reiterates his claim that Judge Holbrook's failure to recuse himself violated the Ohio Code of Judicial Conduct. Whether or not that is the case, violations of that Code are not cognizable in a habeas corpus case; we are authorized only to consider constitutional violations. Furthermore, Petitioner is unable to overcome the Tenth District's finding, on which the Magistrate Judge relied, that Petitioner had shown no actual bias in Judge Holbrook's conduct of the case.

**Ground Six: Violation of Right to Trial by Jury**

In his Sixth Ground for Relief, Petitioner claims he was deprived of his right to a jury trial because he reaffirmed his jury waiver without knowing that Judge Holbrook could be disqualified because he had presided over the certification hearing.

The Magistrate Judge found this claim procedurally defaulted for lack of an objection. Petitioner objects that Judge Holbrook had a duty to recuse himself *sua sponte* under *State v. Gillard*, 40 Ohio St.3d 226 (1988). However, the Tenth District found this did not create a structural error and was waived by the failure to object.

The Supreme Court has found structural error only very rarely. *Hereford v.*

5

*Warren*, 536 F.3d 523 (6th Cir. 2008). Failure to recuse in the situation presented by this case is not one of them and Petitioner has presented no Supreme Court authority to the contrary.

**Ground Seven: Insufficient Evidence to Support the Gang Specification**

In his Seventh Ground for Relief, Petitioner asserts that there was insufficient evidence to support a finding that his conduct was gang-related, a finding necessary to the specification attached to most counts of the Indictment. The Magistrate Judge rejected Petitioner's reliance on *Scales v. United States*, 367 U.S. 203 (1961). Petitioner objects that the Magistrate Judge does not understand the real holding of *Scales* and instead quotes a headnote from the Lawyers' edition publication of *Scales*.

The Court agrees with the Magistrate Judge's reading of *Scales*. Headnotes prepared by editors of court opinions do not always distinguish between propositions of law which state the holding of the case and those which recite dictum which the case supports. In this case, *Scales* does not support Petitioner's position. *Scales* upheld criminal punishment of membership in the Communist Party of the United States upon proof the organization advocated criminal activity and did not require proof that defendant had personally engaged in such conduct.

**Ground Eight: Insufficient Evidence of Identity**

With respect to Ground Eight, the Magistrate Judge found the Tenth District's conclusion that there was sufficient evidence of identity was reasonable when assessed under the standard of *Jackson v. Virginia*, 443 U.S. 307 (1979). Petitioner does not disagree that that is the correct standard, but asserts it was not satisfied.

6

The Court disagrees. The fact that a baseball cap with Petitioner's DNA on it was found at the scene of the crime immediately after the crime occurred has far more significance than Petitioner is willing to grant. If it doesn't mean "much of anything," how is it to be explained in a way consistent with Petitioner's innocence?

**Ground Nine: Cumulative Evidentiary Errors Denied Due Process**

In his Ninth Ground for Relief, Petitioner asserts cumulative errors in the admission of evidence deprived him of due process. The Magistrate Judge's original Report recommended this ground for relief was partly procedurally defaulted and partly failed to state a claim for relief. As the Magistrate Judge noted in his Supplemental Report, Petitioner made no objection to dismissal of this claim (ECF No. 31, PageID 1974).

In his Objections to the Supplemental Report, Petitioner does not rebut this observation, but raises a new objection that the Court has not rebutted his claim that photographs purporting to prove his gang membership should have been excluded under the Ohio Rules of Evidence. The Court finds Petitioner waived this objection by not raising it as to the original Report and that it does not state a claim upon which relief can be granted in habeas corpus because our consideration is limited to violations of the United States Constitution.

**Ground Eleven: Ineffective Assistance of Trial Counsel**

In is Eleventh Ground for Relief, Petitioner claims he received ineffective assistance of trial counsel when his attorney did not object to Judge Holbrook's failure to recuse himself under *Gillard, supra*. The Report recommended dismissing

7

Ground Eleven because the Tenth District had rejected the claim for lack of prejudice, the second prong of *Strickland v. Washington,* 466 U.S. 668 (1984).

The Magistrate Judge recommended deferring to that finding. Petitioner's most recent Objections ask the Court to put itself in the place of trial counsel and decide if it would have made the same decision not to object. But that is not the appropriate standard to apply. If this Court were to decide that it would have found ineffective assistance of trial counsel in the failure to object, it would still be required to defer to the Tenth District unless that court's decision was an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). *Harrington v. Richter*, 562 U.S. 86 (2011). The application of *Strickland* was not objectively unreasonable and, moreover, the Court finds no evidence of actual bias.

**Conclusion**

Petitioner's Objections are **OVERRULED** and the Magistrate Judge's Reports are adopted. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis.*

s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**